IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| POLICE AND FIRE RETIRMENT SYSTEM OF THE CITY OF DETROIT, a pension plan and trust established by the Charter and Municipal Code of the City of Detroit, Michigan, both in its own capacity and in its capacity as Administrative and Collateral Agent for the POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT and the GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT; and GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, a pension plan and trust established by the Charter and Municipal Code of the City of Detroit, Michigan, | Case No.: 2:08-cv-12582<br>Hon. Victoria A. Roberts |
| Plaintiffs/Counter-Defendants, | |
| v. | |
| DONALD V. WATKINS, an individual; and WATKINS AVIATION, LLC, a Delaware limited liability company, | |
| Defendants/Counter-Plaintiffs/Third-Party Plaintiffs, | |
| v. | |
| NORTH POINT ADVISORS, LLC and ADRIAN ANDERSON, | |
| Third-Party Defendants. | |

| | |
|---|---|
| Ronald A. King (P45088)<br>Peter A. Jackson (P35528)<br>Joseph E. Turner (P44135)<br>CLARK HILL, PLC<br>Attorneys for Plaintiffs<br>500 Woodward Avenue, Suite 3500<br>Detroit, Michigan  48226-3435<br>(313) 965-8300 | Keefe A. Brooks (P31680)<br>Richard T. Hewlett (P41271)<br>BUTZEL LONG, PC<br>Attorneys for Defendants/Counter-Plaintiffs/Third-Party Plaintiffs<br>Stoneridge West<br>41000 Woodward Avenue<br>Bloomfield Hills, Michigan 48304<br>(248) 258-1616 |

PDF created with pdfFactory Pro trial version www.pdffactory.com

## **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, THIRD-PARTY COMPLAINT AND JURY DEMAND**

Defendants, by their attorneys Butzel Long, for their Answer to Plaintiffs' Complaint, state as follows:

1. The allegations of Paragraph 1 are not contested.

2. The allegations of Paragraph 2 are not contested.

3. The allegations of Paragraph 3 are denied as untrue.

4. In answer to the allegations of Paragraph 4, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

5. The allegations of Paragraph 5 are not contested.

6. The allegations of Paragraph 6 are not contested, except that Mr. Watkins denies that he is a citizen of the State of Alabama.

7. In answer to the allegations of Paragraph 7, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

8. The allegations of Paragraph 8 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

9. The allegations of Paragraph 9 are not contested.

10. The allegations of Paragraph 10 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

PDF created with pdfFactory Pro trial version www.pdffactory.com

11. In answer to the allegations of Paragraph 11, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

12. In answer to the allegations of Paragraph 12, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

13. In answer to the allegations of Paragraph 13, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

14. In answer to the allegations of Paragraph 14, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

15. In answer to the allegations of Paragraph 15, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

16. The allegations of Paragraph 16 are not contested.

17. The allegations of Paragraph 17 are not contested.

PDF created with pdfFactory Pro trial version www.pdffactory.com

18.     In answer to the allegations of Paragraph 18, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

19.     In answer to the allegations of Paragraph 19, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

20.     The allegations of Paragraph 20 are denied as untrue.

21.     The allegations of Paragraph 21 are, in the manner and form alleged, denied as untrue, except that Defendants admit that the referenced sum, which was not invoiced by Plaintiffs until after the close of business on June 6, 2008, and therefore not due until the close of business on June 13, 2008, after the date that the Plaintiffs wrongfully declared a default and purported to accelerate the alleged debt, has not been paid.  Further answering, Defendants aver that the subject amount was not paid due to the prior breaches of the subject agreements by Plaintiffs.

22.     The allegations of Paragraph 22 are neither admitted nor denied for the reason that same are too vague and illusory to allow for any meaningful response.

23.     In answer to the allegations of Paragraph 23, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.    Further answering, Defendants deny as untrue any

4

PDF created with pdfFactory Pro trial version www.pdffactory.com

allegations that a default existed as of June 9, 2008, the date that Plaintiffs wrongfully breached the subject agreements by purporting to declare a default.

24.     In answer to the allegations of Paragraph 24, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.  Further answering, Defendants deny as untrue any allegations that a default existed as of June 13, 2008, the date that Plaintiffs wrongfully breached the subject agreements by purporting to accelerate the entire debt.

## COUNT I

25.     Defendants incorporate by reference their answers to Paragraphs 1 through 24 above.

26.     The allegations of Paragraph 26 are denied as untrue.  Further answering, Defendants note that Plaintiffs have made this assertion without joining TradeWinds as a party to this action.

27.     The allegations of Paragraph 27 are denied as untrue.

28.     The allegations of Paragraph 28 are denied as untrue.

WHEREFORE, Defendants pray that Count I of Plaintiffs' Complaint be dismissed with prejudice, or alternatively, that a judgment of no cause for action be entered in favor of them and against Plaintiffs, with costs and attorneys fees to be awarded as allowed by law.

## COUNT II

PDF created with pdfFactory Pro trial version www.pdffactory.com

29. Defendants incorporate by reference their answers to Paragraphs 1 through 28 above.

30. The allegations of Paragraph 30 are denied as untrue. Further answering, Defendants note that Plaintiffs have made this assertion without joining TradeWinds as a party to this action.

31. The allegations of Paragraph 31 are denied as untrue.

32. The allegations of Paragraph 32 are denied as untrue.

WHEREFORE, Defendants pray that Count II of Plaintiffs' Complaint be dismissed with prejudice, or alternatively, that a judgment of no cause for action be entered in favor of them and against Plaintiffs, with costs and attorneys fees to be awarded as allowed by law.

## COUNT III

33. Defendants incorporate by reference their answers to Paragraphs 1 through 32 above.

34. The allegations of Paragraph 34 are denied as untrue. Further answering, Defendants note that Plaintiffs make this assertion without joining as parties the other parties to the referenced Stockholder's Agreement.

35. The allegations of Paragraph 35 are denied as untrue.

WHEREFORE, Defendants pray that Count III of Plaintiffs' Complaint be dismissed with prejudice, or alternatively, that a judgment of no cause for action be entered in favor of them and against Plaintiffs, with costs and attorneys fees to be awarded as allowed by law.

## COUNT IV

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

PDF created with pdfFactory Pro trial version www.pdffactory.com

36. Defendants incorporate by reference their answers to Paragraphs 1 through 35 above.

37. In answer to the allegations of Paragraph 37, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

38. The allegations of Paragraph 38 are not contested.

39. In answer to the allegations of Paragraph 39, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

40. The allegations of Paragraph 40 are neither admitted nor denied as to the "intentions" of the Plaintiffs, except that Defendants deny as untrue any allegation that Plaintiffs are entitled to "enforce its security interest in the Stock."

41. In answer to the allegations of Paragraph 41, Defendants admit only that the referenced document, in its entirety, is the best evidence of its contents, and Defendants deny as untrue any allegations contrary to the express terms of the referenced document.

42. The allegations of Paragraph 42 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

43. The allegations of Paragraph 43 are neither admitted nor denied for lack of sufficient knowledge or information on which to form a belief as to the truth

7

PDF created with pdfFactory Pro trial version www.pdffactory.com

thereof.  Further answering, Defendants deny as untrue any allegation that the procedures proposed by Plaintiffs are in any way "commercially reasonable."

WHEREFORE, Defendants pray that Count IV of Plaintiffs' Complaint be dismissed with prejudice, or alternatively, that a judgment of no cause for action be entered in favor of them and against Plaintiffs, with costs and attorneys fees to be awarded as allowed by law.

Respectfully submitted,

BUTZEL LONG, P.C.

Dated:  June 24, 2008

/s/ Keefe A. Brooks
Keefe A. Brooks (P31680)
Richard T. Hewlett (P41271)
Attorneys for Defendants/Counter-Plaintiffs/
Third-Party Plaintiffs
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
brooks@butzel.com

## AFFIRMATIVE DEFENSES

Defendants, for and as their Affirmative Defenses, state as follows:

1.     Plaintiff's claims are barred by their own prior breaches of the referenced agreements.

2.     All of Plaintiffs' alleged damages were caused by their own breaches of the referenced agreements.

3.     Plaintiffs' claims are barred by the doctrines of waiver and estoppel, Plaintiffs having approved the capital contribution made by Watkins Aviation, LLC in

8

PDF created with pdfFactory Pro trial version www.pdffactory.com

March of 2008, by and through its authorized agent, and otherwise based on Plaintiffs' conduct from and after the date of that capital contribution.

4. Plaintiffs' claims are barred in whole or in part by reason of the damages its wrongful actions have caused to Tradewinds Airlines.

5. Plaintiffs' claims are barred in whole or in part by assumption of risk.

6. Plaintiffs' claims are barred for failure to join necessary and indispensable parties.

7. Plaintiffs lack standing to assert some of the claims set forth in the Complaint.

8. Some of Plaintiffs' claims are barred by mandatory arbitration clauses.

9. Defendants reserve the right to add to and/or amend these Affirmative Defenses as discovery proceeds.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, or alternatively, that a judgment of no cause for action be entered in favor of them and against Plaintiffs, with costs and attorneys fees to be awarded as allowed by law.

Respectfully submitted,

BUTZEL LONG, P.C.

/s/ Keefe A. Brooks
Keefe A. Brooks (P31680)
Richard T. Hewlett (P41271)
Attorneys for Defendants/Counter-Plaintiffs/
Third-Party Plaintiffs
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616

9

PDF created with pdfFactory Pro trial version www.pdffactory.com

Dated: June 24, 2008          brooks@butzel.com

## **COUNTERCLAIM**

Defendants/Counter-Plaintiffs, for their Counterclaim against Plaintiffs/Counter-Defendants, state as follows:

1. Watkins Aviation, LLC is the majority shareholder of TradeWinds Airlines.

2. Donald Watkins is the manager of Watkins Aviation, LLC.

3. Watkins Aviation, LLC and Mr. Watkins have invested substantial sums and other assets in and on behalf of TradeWinds Airlines.

4. Counter-Defendants breached their contractual obligations to TradeWinds Airlines by, *inter alia*, wrongfully declaring a "default" under the documents referenced in Plaintiffs' Complaint, wrongfully purporting to accelerate the entirety of the debt of TradeWinds Airlines to Plaintiffs, wrongfully causing to be published negative publicity regarding the business operations of TradeWinds Airlines, and wrongfully precluding the majority shareholder from exercising any of its rights as the majority shareholder of TradeWinds Airlines.

5. These wrongful actions by the Counter-Defendants have further undermined the ability of Counter-Plaintiff Watkins to function effectively as Chair of the Board of TradeWinds, causing further damages to TradeWinds and Counter-Plaintiffs.

6. As a result of Plaintiffs' breach of their duties to TradeWinds Airlines and Counter-Plaintiffs, Counter-Plaintiffs have incurred substantial damages in the millions of dollars.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

10

PDF created with pdfFactory Pro trial version www.pdffactory.com

WHEREFORE, Counter-Plaintiffs pray for entry of a judgment in favor of them and against Counter-Defendants in whatever amount in excess of $75,000.00 they are found entitled to, plus interest, costs and attorneys fees.

                Respectfully submitted,

                BUTZEL LONG, P.C.

                /s/ Keefe A. Brooks
                Keefe A. Brooks (P31680)
                Richard T. Hewlett (P41271)
                Attorneys for Defendants/Counter-Plaintiffs/
                Third-Party Plaintiffs
                Stoneridge West
                41000 Woodward Avenue
                Bloomfield Hills, MI  48304
                (248) 258-1616
Dated:  June 24, 2008        brooks@butzel.com

## THIRD-PARTY COMPLAINT

Defendants, by their attorneys Butzel Long, for their Third-Party Complaint against North Point Advisors and Adrian Anderson, state as follows:

1.    Plaintiffs/Counter-Defendants retained Adrian Anderson and his company, North Point Advisors, to serve as its agent and financial advisor in connection with the transactions that are the subject of this action.

2.    North Point Advisors is, on information and belief, a California limited liability company with its principal place business in the state of California.  On information and belief, neither Third-Party Defendant Adrian Anderson nor any of the members of North Point Advisors are citizens of the states of Delaware, Alabama, Georgia, Florida or Colorado.  On information and belief, complete diversity of citizenship thus exists between Third-Party Plaintiffs and Third-Party Defendants.

11

PDF created with pdfFactory Pro trial version www.pdffactory.com

3. The amount in controversy in this Third-Party Complaint is greatly in excess of $75,000.00.

4. If and to the extent there is no independent basis for federal court jurisdiction over this Third-Party Complaint, the Court should nevertheless exercise jurisdiction over the Third-Party Complaint pursuant to the supplemental jurisdiction of this Court.

5. Watkins Aviation, LLC made a capital contribution to TradeWinds Airlines on March 26, 2008 in the amount of $5,000,000.00.

6. Neither management of TradeWinds Airlines, nor its board of directors (on which designees of the Plaintiffs sit) voiced any objection to the manner by which Watkins Aviation, LLC fulfilled its obligation to contribute the March 26, 2008 capital contribution.

7. The amount and form of the capital contribution was reported to Plaintiffs and their advisors at Third-Party Defendants, Adrian Anderson and North Point Advisors in early April 2008.

8. On April 9, 2008, Mr. Anderson, on behalf of North Point Advisors represented to management of TradeWinds and Third-Party Plaintiffs that the manner and form of the capital contribution was "reasonable" and that he would convey the information to Plaintiffs.

9. Counter-Plaintiffs relied on the approval expressed by Plaintiffs' agent at North Point Advisors regarding the adequacy and reasonableness of the capital contribution.

PDF created with pdfFactory Pro trial version www.pdffactory.com

10. The Plaintiffs in the principal Complaint are now contending that the March 26, 2008 capital contribution was insufficient to fulfill the obligations of Watkins Aviation, LLC to make that capital contribution.

11. While the allegations of the principal Complaint in this regard are denied as untrue, if and to the extent it is determined that the form of the capital contribution made by Watkins Aviation, LLC on March 26, 2008 justified the later June 9, 2008 declaration of default by Plaintiffs, which is denied, then said declaration of default will have been caused by the misrepresentation of Adrian Anderson/North Point Advisors in approving of the form of the capital contribution.

12. If and to the extent Third-Party Plaintiffs suffer or incur any damages as a result of this alleged default, which is denied by Third-Party Plaintiffs, then Third-Party Defendants are liable in whole or in part, to Third-Party Plaintiffs for all damages incurred as a result of the misrepresentations of Third-Party Defendants.

WHEREFORE, Third-Party Plaintiffs pray that, if and to the extent it is determined that they have any liability to the principal Plaintiffs, which liability is expressly denied, then Third-Party Plaintiffs pray for entry of a judgment in favor of them and against Third-Party Defendants in whatever amount in excess of $75,000.00 they are found entitled to, plus interest, costs and attorneys fees.

Respectfully submitted,

BUTZEL LONG, P.C.


/s/ Keefe A. Brooks
Keefe A. Brooks (P31680)
Richard T. Hewlett (P41271)
Attorneys for Defendants/Counter-Plaintiffs/
Third-Party Plaintiffs

PDF created with pdfFactory Pro trial version www.pdffactory.com

|  |  |
|---|---|
|  | Stoneridge West<br>41000 Woodward Avenue<br>Bloomfield Hills, MI 48304<br>(248) 258-1616 |
| Dated: June 24, 2008 | brooks@butzel.com |

## JURY DEMAND

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

BUTZEL LONG, P.C.

/s/ Keefe A. Brooks
Keefe A. Brooks (P31680)
Richard T. Hewlett (P41271)
Attorneys for Defendants/Counter-Plaintiffs/
Third-Party Plaintiffs
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI 48304
(248) 258-1616

Dated: June 24, 2008            brooks@butzel.com

## Certificate of Service

The undersigned certifies under penalty of perjury that he caused the foregoing **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM, THIRD-PARTY COMPLAINT AND JURY DEMAND** to be served on counsel for Plaintiffs on this 24th day of June, 2008 pursuant to the rules and procedures of this Court's electronic filing system.

BUTZEL LONG, P.C.

/s/ Keefe A. Brooks
Keefe A. Brooks (P31680)
Richard T. Hewlett (P41271)
Attorneys for Defendants/Counter-Plaintiffs/

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

PDF created with pdfFactory Pro trial version www.pdffactory.com

|  |  |
|---|---|
|  | Third-Party Plaintiffs |
|  | Stoneridge West |
|  | 41000 Woodward Avenue |
|  | Bloomfield Hills, MI  48304 |
|  | (248) 258-1616 |
| Dated:  June 24, 2008 | brooks@butzel.com |

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

PDF created with pdfFactory Pro trial version www.pdffactory.com