IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT, a
pension plan and trust established by the
Charter and Municipal Code of the City of
Detroit, Michigan, both in its own capacity and
in its capacity as Administrative and Collateral
Agent for the POLICE AND FIRE
RETIREMENT SYSTEM OF THE CITY OF
DETROIT and the GENERAL RETIREMENT
SYSTEM OF THE CITY OF DETROIT; and
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT, a pension plan and
trust established by the Charter and Municipal
Code of the City of Detroit, Michigan,

Case No.: 2:08-cv-12582
Hon. Victoria A. Roberts

      Plaintiffs/Counter-Defendants,

v.

DONALD V. WATKINS, an individual; and
WATKINS AVIATION, LLC, a Delaware
limited liability company,

      Defendants/Counter-Plaintiffs/Third-
      Party Plaintiffs,

v.

NORTH POINT ADVISORS, LLC,
ADRIAN ANDERSON, and JEFFREY CONRY,

      Third-Party Defendants.

**STIPULATED ORDER
FOR ELECTRONIC
DISCOVERY**

| | |
|---|---|
| Ronald A. King (P45088) | Keefe A. Brooks (P31680) |
| Joseph E. Turner (P44135) | Attorneys for Defendants/Counter- |
| CLARK HILL, PLC | Plaintiffs/Third-Party Plaintiffs |
| Attorneys for Plaintiffs | BROOKS WILKINS SHARKEY & |
| 500 Woodward Avenue, Suite 3500 | TURCO PLLC |
| Detroit, Michigan  48226-3435 | 401 S Old Woodward Ave Ste 460 |
| (313) 965-8300 | Birmingham, MI  48009 |
| rking@clarkhill.com | (248) 971-1710 |
| | brooks@bwst-law.com |

Reginald G. Dozier (P38054)
Ronda L. Tate (P70767)
Attorneys for Third-Party Defendants
LEWIS & MUNDAY, P.C.
660 Woodward Avenue
Suite 2490
Detroit, MI 48226
(313) 961-2550
rtate@lewismunday.com

Richard W. Paige (P45199)
BUSH, SEYFERTH & PAIGE, P.L.L.C.
Attorney for Third-Party Defendant
Conry
3001 W. Big Beaver Road
Suite 600
Troy, Michigan 48084
(248) 822-7804
paige@bsplaw.com

Richard T. Hewlett (P41271)
DAWDA, MANN, MULCAHY & SADLER,
PLC
Attorneys for Defendants/Counter-
Plaintiffs/Third-Party Plaintiffs
39533 Woodward Ave, Suite 200
Bloomfield Hills, MI 48304
(248) 642-8439
rhewlett@dmms.com

---

## STIPULATED ORDER FOR ELECTRONIC DISCOVERY

At a session of said Court held in United States District
Court for the Eastern District, State of Michigan on:
August 19, 2009.

PRESENT: Victoria A. Roberts
            Hon. Victoria A. Roberts


Pursuant to the stipulation among counsel for the Plaintiffs/Counter-Defendants the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit and Defendants/Counter-Plaintiffs/Third Party Plaintiffs Donald V. Watkins and Watkins Aviation, LLC (individually defined as a "Party" or collectively as "Parties");

IT IS ORDERED:

1.      The Parties will conduct imaging, recovery and/or search work of any computer system(s), computer device(s) server(s), or other reasonably accessible electronic device(s)

containing potentially discoverable information related (as the scope of discovery is defined by the Federal Rules or applicable case law) to this litigation (the "Electronic Devices") that are in the respective Party's possession, custody and/or control.  A search of an Electronic Device shall consist of a search of the electronic mail accounts and documents of those persons listed by the Parties on Exhibit A with designated electronic mail accounts and documents stored on the Electronic Device.  In the event any of the Parties are unable to resolve a dispute over whether a particular computer device constitutes an Electronic Device, the Parties shall submit a motion to the Court on an expedited basis and ask the Court to hear the matter as promptly as is reasonably possible.

2.      After identifying each Electronic Device as outlined in paragraph 1, above, the Parties shall agree on search criteria ("Search Criteria") to be applied to the Electronic Devices. The Search Criteria is identified within Exhibit B.  The Parties shall apply the Search Criteria to the Electronic Devices.   In the event any of the Parties are unable to resolve a dispute over whether a particular term or terms shall constitute Search Criteria, the Parties shall submit a motion to the Court on an expedited basis and ask the Court to hear the matter as promptly as is reasonably possible.

3.      Responding Party's counsel shall have twenty-eight (28) days (unless the requesting Party's counsel concurs in an extension, which concurrence shall not be unreasonably withheld) to review the documents responsive to the Search Criteria prior to production to a requesting Party.  Any documents that are withheld by a Party from production to any other Party for any reason, including but not limited to attorney-client privilege, shall be identified on a log produced to the requesting party's counsel, if requested by the requesting party's counsel. In addition to identifying the basis of the withholding, the log shall describe the nature of the

document withheld by type of document, date, author, recipients, subject matter and any other matter relevant to the basis for withholding the document from production.

4.      In the event that the application of a particular term or terms within the Search Criteria results in more than five thousand (5,000) responsive documents, the responding Party may elect to stop the electronic search and inform the requesting Party(ies) of the volume of responsive documents.  Under that circumstance, the Parties will agree to apply either, or both, secondary search terms and/or Boolean search criteria, to narrow the scope of the particular search.  In the event any of the Parties are unable to resolve a dispute over a secondary or Boolean search term or criteria, the Parties shall submit a motion to the Court on an expedited basis and ask the Court to hear the matter as promptly as is reasonably possible.  A dispute over any particular secondary or Boolean term or terms, shall not forestall the search and production of documents based on undisputed secondary or Boolean terms or other Search Criteria.

5.       Any Party may submit additional search criteria ("Additional Search Criteria") to be applied to any Electronic Device.  The Party requesting a subsequent search shall submit the Additional Search Criteria for application to Electronic Devices to the Responding Party.  The Responding Party shall have fourteen (14) days to object to the submission of any Additional Search Criteria.  Both the submission of Additional Search Criteria and any objections thereto shall be in writing, detail either the criteria or the specific objections to the Additional Search Criteria and be served on counsel via facsimile and/or electronic (e-mail) transmission.  In the event of a dispute over Additional Search Criteria, the Parties shall submit a motion to the Court on an expedited basis and ask the Court to hear the matter as promptly as is reasonably possible.

6.      The Parties agree that an inadvertent disclosure of a privileged document does not constitute a waiver of privilege, as to the documents inadvertently disclosed, or other documents

involving similar subject matter.  A Party having identified alleged privileged documents that have been inadvertently released or produced to the other Party shall identify the documents in writing; detail the basis under which the Party claims a privilege and request for the return or the certified destruction of the privileged documents.  The Responding Party shall respond to such notice within 14 (fourteen) days of receipt and advise the requesting Party as to whether it will return or destroy the document(s) or contest the claim of privilege.  In the event the Parties are unable to resolve a dispute over whether a particular document or documents are privileged and/or were inadvertently disclosed, the Parties shall submit a motion to the Court on an expedited basis and ask the Court to hear the matter as promptly as is reasonably possible.

7.      Nothing within this Order prevents any Party or Third-Party Defendant from making other electronic discovery requests or engaging in electronic discovery beyond this Order as to other persons, devices or terms, including the ability of the Parties to engage in electronic discovery of non-parties to the litigation.  However, nothing in this paragraph or this Order shall constitute a waiver or restriction of any Party's right to object to electronic discovery request(s) outside the scope of this Order or a waiver or restriction of any remedies provided for by the Federal Rules of Civil Procedure.

8.      Within forty five (45) days of termination of this case, each Party will return the images and electronic data to the appropriate responding Party's counsel, or certify to the other Parties their destruction.

Dated: August 19,2009                    S/Victoria A. Roberts
                                         Hon. Victoria A. Roberts


**STIPULATION:**

The Parties, by and through their respective counsel, hereby stipulate and consent to the entry of the above Order:


\_\_\_/s/ Ronald A. King_____            \_\_\_\_/s/ Keefe A. Brooks_____
Ronald A. King (P45088)                     Keefe A. Brooks (P31680)
Joseph E. Turner (P44135)                   BROOKS WILKINS SHARKEY &
CLARK HILL, PLC                             TURCO PLLC
Attorneys for Plaintiffs                    Attorneys for Defendants/Counter-
rking@clarkhill.com                         Plaintiffs/Third-Party Plaintiffs
                                            brooks@bwst-law.com

Date: 8/17/09                               Date: 8/17/09


\_\_\_/s/ Richard T. Hewlett_____
Richard T. Hewlett (P41271)
DAWDA, MANN, MULCAHY & SADLER,
PLC
Attorneys for Defendants/Counter-
Plaintiffs/Third-Party Plaintiffs
rhewlett@dmms.com

Date: 8/17/09

**Exhibit B**

**Electronic Discovery Protocol Applicable to the**
**Stipulated E-Discovery Order between the Parties**

I.     General Provisions

   A.     A Search or Search Criteria (as defined below) are intended to be applied
          to the Electronic Devices, as defined in the Parties Stipulated E-Discovery
          Order.  Searches shall be applied to the email accounts and/or document
          folders of individuals identified on Exhibit A to the Stipulated E-
          Discovery Order contained within the Electronic Devices.

   B.     A search shall be defined to include an electronic search of the contents
          and subject matter of the email messages within the email accounts of the
          persons identified on Exhibit A to the Stipulated E-Discovery Order and
          will also include the content of any attachments to email contained within
          the Electronic Devices("Search").

   C.     A response to a Search term or Search Criteria may be from either the e-
          mail or its attachment, or both ("Response").  All Responses, regardless of
          whether the Search result originates in the e-mail or attachments, must
          include for review both the e-mail and its attachment(s).

   D.     All Search terms or criteria (the "Search Criteria") shall be applied to all
          email and documents in the Electronic Devices for the persons identified
          on Exhibit A to the Stipulated E-Discovery Order.

   E.     The date parameters for this matter shall be: October 1, 2007 through the
          present.

   F.     A Search or Search Criteria shall be applied to the "MY DOCUMENTS"
          folder of the persons identified on Exhibit A to the Stipulated E-Discovery
          Order to the extent such folder is contained within an Electronic Device.
          A listing of a match for each folder, sub-folder and filename that contains
          any of the Search Criteria shall be provided.  The listing shall provide the
          entire directory tree where a term exists either in whole or in part. By way
          of example:  MyDocuments/TrusteeName.

   G.     The Parties shall list for each Electronic Device, the data repository, the
          device, any known custodians, pathname (full directory pathname) and the
          user folders that reside on that device.

H.      Subject to the agreement of the Parties, a review and search for unallocated and slack space will require the utilization of a software tool such as EnCase, and the Search Criteria will be driven by a format of characters, not words, and, as a result, the search terms will constitute a proximity search that will include up to 50 characters before and after the Search Criteria.  If there is a dispute as to the implementation of a review and search for unallocated and slack space, the Parties shall attempt, in good faith, to reach an agreement prior to filing a motion or seeking an order from the court.

I.      A producing Party shall produce the Responses to the requesting Party, subject to privilege, within twenty-eight (28) days after the Responses are generated, unless the Parties agree to a different time period.

J.      The Parties intend to provide for certain "Privilege Carve-Outs" related to Searches and Search Criteria.  The Parties acknowledge that Privilege Carve-Outs are intended to, in part, assist in narrowing Searches and corresponding review of the Responses.  However, Privilege Carve-Outs are not deemed determinative of an actual privilege and any Party shall have the right to challenge whether any particular email or document captured in a Privilege Carve-Out is in fact protected from disclosure by any available privilege.  A Party may request a privilege log be produced in connection with any claimed Privilege Carve-Out; although the Parties agree that initially certain domains identified below will not require a privilege log.   If there is a dispute as to the privileged nature of a document, the Parties shall attempt, in good faith, to reach an agreement prior to filing a motion or seeking an order from the court.

II.    Plaintiffs/Counter Defendants

A.      Privilege Carve-Out for Clark Hill:  Any Response to the following Search Criteria shall be recognized as Privilege Carve-Out material and extracted from any production to Brooks Wilkins Sharkey & Turco, PLLC or to Dawda, Mann, Mulcahy & Sadler, PLC:

Clarkhill.com ↔ clarkhill.com
Clarkhill.com ↔ rscd.org
Clarkhill.com ↔attyrzajac@comcast.net
clarkhill.com ↔ gjb-law.com
clarkhill.com ↔mcafeetaft.com

B.      Plaintiffs/Counter Defendants reserve the right to review any response to the Search Criteria for additional privileged material.

8

C.   Primary Search Criteria to be applied to the Electronic Devices, including the Clark Hill server, Clark Hill laptops, and the RSCD (Retirement Systems City of Detroit) server(s):

   TradeWinds (or any iteration of TradeWinds, e.g., Tradewinds, Trade  Winds that is not case sensitive); or
   Watkin* (or any iteration of Watkins or Watkins Aviation) or Conry

   * Denotes wildcard parameter, and recognizing that different search engines utilize different formats to designate a wildcard character

D.   The Search requires all iterations of these emails, including but not limited to, all blind copies, CCs, and forwarding emails with any attachments, and subject to the De-Duplication protocol stated below.

E.   Secondary Search Criteria.  The following combinations of terms (some Boolean expressions are included) are proposed for secondary Searches, in the event the primary Search Criteria terms result in a voluminous response (initially deemed to be 5,000 hits or individual documents/email) as follows for the Electronic Devices or active files:

   Capital Contribution
   Guaran*
   Interest*
   Credit Agreement
   Default
   Acceleration
   Bankruptcy
   Adrian Anderson
   North Pointe Advisors

III.   Defendants/Counter-Plaintiffs

A.   Privilege Carve-Out for Butzel Long:  Any Response to the following Search Criteria shall be recognized as Privilege Carve-Out material and extracted from any production to Clark Hill:

   Butzel.com ↔ Butzel.com
   Butzel.com  ↔ watkinsjr.com
   Butzel.com  ↔ donaldwatkinsjr@aol.com
   Butzel.com  ↔ donaldvwatkinspc@aol.com
   Hklaw.com ↔ watkinsjr.com
   Hklaw.com ↔ donaldwatkinsjr@aol.com

9

        Hklaw.com ↔ donaldvwatkinspc@aol.com
        Hklaw.com ↔ Butzel.com
        jwilson@bakerdonelson.com ↔ donaldwatkinsjr@aol.com
        bwst.com ↔ watkinsjr.com
        bwst.com ↔ donaldwatkinsjr@aol.com
        bwst.com ↔donaldvwatkinspc@aol.com
        dmms.com ↔ watkinsjr.com
        dmms.com ↔ donaldwatkinsjr@aol.com
        dmms.com ↔donaldvwatkinspc@aol.com

Primary Search Criteria to be applied to the selected Electronic Devices relating to Watkins Aviation, LLC and Donald V. Watkins:

        TradeWinds (or any iteration of TradeWinds, e.g., Tradewinds, Trade Winds that is not case sensitive); or Watkin* (or any iteration of Watkins, including DVW, or Watkins Aviation)

        * Denotes wildcard parameter, and recognizing that different search engines utilize different formats to designate a wildcard character

    B.     Secondary Search Criteria. The following combinations of terms (some Boolean expressions are included) are proposed for secondary Searches, in the event the primary Search Criteria terms result in a voluminous response (initially deemed to be 5,000 hits or individual documents/email) as follows for the Electronic Devices or active files:

            Capital Contribution
            Guaran*
            Interest
            Credit Agreement
            Bankruptcy
            Stukes
            Masada
            carbon
            ethanol
            Alamerica
            pension board
            pension fund
            Pencor

IV.    DISPUTE RESOLUTION

In the event any of the Parties are unable to resolve a dispute regarding the interpretation or implementation of the terms set forth herein, the Parties shall submit a motion to the

Court on an expedited basis and ask the Court to hear the matter as promptly as is reasonably possible.