UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,
ET AL.,

        Plaintiffs,        CASE NUMBER: 08-12582
                              HONORABLE VICTORIA A. ROBERTS
                              Magistrate Judge R. Steven Whalen

v.

DONALD V. WATKINS, ET AL.,

        Defendants.
_____/

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S OPINION AND ORDER

This matter is before the Court on Defendants' objections (Doc. # 192) to Magistrate Judge R. Steven Whalen's Order (Doc. # 189) regarding a discovery dispute between the parties.

On January 12, 2012, Plaintiffs The Police and Fire Retirement System of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS") (collectively, "the Funds") moved for a protective order prohibiting Defendants Donald V. Watkins and his company, Watkins Aviation, LLC from deposing Ronald Zajac, General Counsel for both Plaintiffs, and Joseph Turner of Clark Hill PLC, attorney for Plaintiffs in this litigation.  (Doc. # 176).

Defendants seek to depose both attorneys on their knowledge of past misconduct on the part of the Funds, referred to as "pay to play" requests.  According to Defendants, the Funds have operated in a "sea of corruption" for years; this corruption

1

involves "improper requests for financial favors, demands for improper cash payments, and efforts to shake-down innocent recipients of pension fund loans – all in exchange for favorable treatment by their Trustees," they allege. (Doc. # 192 at 11). They say evidence of these prior bad acts is admissible under Fed. R. Evid. 404(b) as evidence of a pattern of misconduct – the same misconduct which ultimately led to this lawsuit and which forms the basis of Defendants' defense. Defendants also seek to depose Turner regarding legal fees his firm charged Watkins in connection with the transaction that led to this suit (the "TradeWinds transaction"). Defendants say: the fees were excessive, Watkins convinced Turner to reduce them, and the Funds declared default on the TradeWinds loan in part as retaliation for the fee reduction.

Magistrate Judge Whalen held a hearing on February 16, 2012. (Doc. # 195). He ruled from the bench, granting in part and denying in part Plaintiffs' motion for a protective order. His remarks on the record are incorporated into his Order. He held Defendants could depose both attorneys regarding the TradeWinds negotiations and communications. (*Id.* at 29-31). However, he held the depositions must be limited in scope to Turner's and Zajac's negotiations and/or communications with Watkins and/or representatives of TradeWinds regarding the TradeWinds loan, rejecting Defendants' contention that they are entitled to ask questions related to other transactions involving the Funds. Citing Fed. R. Civ. P. 26(b), the magistrate said inquiries into matters unrelated to the TradeWinds transaction would not likely lead to admissible evidence of crimes, wrongs or other acts under Fed. R. Evid 404(b). (*Id.* at 30). He concluded evidence of "pay to play" pressure outside of the TradeWinds transaction is irrelevant under Fed. R. Evid. 401, and even if relevant and admissible under Rule 404(b), it is

unduly prejudicial under Rule 403 in light of its slight probative value.  (*Id.* at 29-30).  Finally, Magistrate Whalen held Defendants' claim about the "billing situation" is "highly speculative" and irrelevant to the claims or defenses in the case.  (*Id.* at 31).

Defendants object to the restrictions the Magistrate placed on the questions they may ask Turner and Zajac.  (Doc. # 192).  They believe they are entitled to ask about other "pay to play" requests by the Funds and about Watkins' billing dispute with Turner under Rule of Evidence 404(b).  They argue these lines of inquiry are relevant to their defense that the Funds' impropriety prevented them from fulfilling their obligations under the deal, absolving them of their guarantor liability.

The Court will reverse a Magistrate's ruling on a pretrial, non-dispositive motion only if the decision is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The clearly erroneous standard applies to factual findings made by the Magistrate; his legal conclusions are reviewed under the "contrary to law" standard.  *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. Mar. 14, 1994) (table).  A finding is clearly erroneous when, "'although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'"  *Robinson v. Allstate Ins., Co.*, No. 09-10341, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (quoting *United States v. United States Gypsum Co.*, 330 U.S. 364, 395 (1948)).  "If more than one permissible view of the evidence exists, the Magistrate's decision cannot be clearly erroneous."  *Id.* (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985)).  A legal conclusion that fails to apply or misapplies case law, statutes, or procedural rules is "contrary to law."  *Id.*  This standard requires the Court to use independent judgment.

*Id.*

Magistrate Whalen's decision is neither clearly erroneous nor contrary to law. The magistrate correctly interprets and applies the relevant authority, including *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621 (6th Cir. 2002); Fed. R. Evid. 401, 403, and 404(b); and Fed. R. Civ. P. 26(b) to conclude that Plaintiffs are entitled to a protective order prohibiting Defendants from questioning Turner and Zajac about matters outside of the TradeWinds transactions (including the billing dispute). In particular, any relevance these matters might have to Defendants' defense is substantially outweighed by the danger of unfair prejudice and confusing the issues under Fed. R. Evid. 403, as the magistrate observed.

Accordingly, the Court **OVERRULES** Defendants' objections and **AFFIRMS** the Magistrate's Order. Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 1, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 1, 2012.

S/Linda Vertriest
Deputy Clerk

4