UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,
ET AL.,

                Plaintiffs,              CASE NUMBER: 08-12582
                                           HONORABLE VICTORIA A. ROBERTS
                                           Magistrate Judge R. Steven Whalen

v.

DONALD V. WATKINS, ET AL.,

                Defendants.

_____/

### ORDER DENYING DEFENDANTS'
### MOTION FOR RECONSIDERATION

Before the Court is Defendants/Third Party Plaintiffs' Motion for Reconsideration of this Court's May 1, 2012 Order (Doc. # 207) affirming the Magistrate Judge's Opinion and Order (Doc. # 189) Granting in Part and Denying in Part Plaintiffs' Motion for a Protective Order Prohibiting Defendants from taking the Depositions of Plaintiffs' Counsel (Doc. # 176).

Local Rule 7.1(h)(3) provides the Court's standard of review:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or

1

plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002)

(*citing Marketing Displays*, *Inc. v. Traffix Devices*, *Inc.*, 971 F. Supp. 262, 278 (E.D.

Mich. 1997), *rev'd in part on other grounds*, 200 F.3d 929 (6th Cir. 1999)).  "It is an

exception to the norm for the Court to grant a motion for reconsideration."  *Maiberger v.

City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).  "[A]bsent a significant error

that changes the outcome of a ruling on a motion, the Court will not provide a party with

an opportunity to relitigate issues already decided."  *Id.*

The Court reviewed Defendants' motion; it does not provide a basis to grant

reconsideration.  Defendants do not demonstrate a palpable defect by which the Court

has been misled.  They ignore the pertinent case law, which makes clear that the

"practice of taking opposing counsel's deposition [is] one that should be employed only

in limited circumstances."  *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.

1986); *see also Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628-29 (6th

Cir. 2002).  Instead, they cite cases which do not deal with the unique discovery request

involved here.

A review of the transcript of the hearing before Magistrate Judge Whalen on

Plaintiffs' motion for a protective order reveals that he based his decision on the three-

part test set forth in *Shelton* and *Nationwide*, (see 2/16/12 Tr. 28), and on his view that

granting Defendants' discovery request in full would lead to a "fishing expedition," (*id.* at

30).  *See Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although

a plaintiff should not be denied access to information necessary to establish her claim,

neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to

determine that a discovery request is too broad and oppressive.'" (quoting *Marshall v.*

2

*Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978))).  Although he cites

various evidentiary rules, the Magistrate Judge does not base his decision on trial

standards of admissibility; he observes that Fed. R. Civ. P. 26 provides "relaxed

standards" for discovery.  (2/16/12 Tr. 30).

Defendants' motion is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts                          
Victoria A. Roberts
United States District Judge

Dated:  August 3, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 3, 2012.<br><br>s/Carol A. Pinegar                     <br>Deputy Clerk |