UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLICE AND FIRE RETIREMENT SYSTEM
OF THE CITY OF DETROIT, et al,

    Plaintiffs,

v.

DONALD V. WATKINS, et al,        CASE NUMBER: 08-12582
                                                HON. VICTORIA A. ROBERTS

    Defendants/
    Third-Party Plaintiffs,

v.

NORTH POINT ADVISORS, LLC, et al,

    Third-Party Defendants.
_____/

**ORDER DENYING THIRD-PARTY DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT (Doc. 227)**

**I.    INTRODUCTION**

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (collectively, "the Funds") sued Donald V. Watkins and his company, Watkins Aviation, LLC (collectively, "the Watkins Parties"), for breach of contract. The Watkins Parties filed a third-party complaint against Adrian Anderson and his company, North Point Advisors (collectively, "Anderson - North Point") and Jeffrey Conry, the president and CEO of TradeWinds Airlines.

Before the Court is Anderson - North Point's Motion for Summary Judgment.

1

Anderson - North Point's motion is **DENIED**.

## II. BACKGROUND

### A. Contractual Framework

This lawsuit has its roots in a deal to invest in the development of a cargo airline company. On February 26, 2008, Watkins Aviation acquired 77% of the outstanding shares of TradeWinds Airlines, Inc., becoming its majority shareholder. The same day, the Funds, the Watkins Parties and TradeWinds executed a series of interrelated agreements designed to finance the acquisition of TradeWinds, pay off the airline's debt, and provide it with needed capital. The Watkins Parties allege that Anderson - North Point are the Funds' agents and financial advisors on this transaction.

#### 1. Credit Agreement, Term Notes, and Guaranties

The cornerstone of the deal is the Second Amended and Restated Aircraft Purchase Money Credit Agreement ("the Credit Agreement"). Through this Credit Agreement, the Funds promised to lend $30 million to TradeWinds ("the Loan"). In return, TradeWinds signed two term notes worth $15 million each, one payable to the Police and Fire Retirement System of the City of Detroit and the other to the General Retirement System of the City of Detroit.

As part of the arrangement, Mr. Watkins and Watkins Aviation executed separate guaranty agreements ("the Guaranties") by which they assume the risk of TradeWinds' default and to repay the Loan in full at maturity, or earlier if required. The Credit Agreement identifies certain instances which would be considered events of default.

### 2. Stockholders' Agreement

The Funds, Watkins Aviation and TradeWinds' then-president Jeffrey Conry also signed a Stockholders' Agreement, which required Watkins Aviation to give TradeWinds two separate $5 million contributions in capital; one within 30 days of the Loan, and another within six months. Failure to make these contributions is an event of default under the Credit Agreement.

On March 26, 2008, Watkins Aviation conveyed to TradeWinds, as its first capital contribution: cash, a waiver of Watkins Aviation's entitlement to funds in reimbursable TradeWinds acquisition transactional expenses, and stock in a corporation; the aggregate value was $5 million. On April 9, 2008, Mr. Anderson informed Mr. Conry by e-mail that the contribution was, according to him, "reasonable." The Funds did not initially object to the contribution.

### B. Procedural Background

On June 17, 2008, the Funds filed a complaint against the Watkins Parties, which was amended on December 22, 2008. They alleged several grounds upon which TradeWinds defaulted on its Loan obligations--and for which the Watkins Parties are liable--including TradeWinds' failure to receive $5 million from Watkins Aviation; the Funds argue the contribution should have been made entirely in cash.

The Watkins Parties filed a counterclaim, which was amended on July 18, 2008. The Court dismissed the counterclaim for lack of standing; the Court also dismissed the Funds' motion for judgment on the pleadings on the issue of liability and denied the Watkins Parties' motion to compel arbitration because no pending issue is referable to

arbitration. On January 25, 2013, the Court denied the Funds' motion for summary judgment, finding several issues of fact remaining for trial regarding the alleged breaches by TradeWinds.

On November 9, 2008, the Watkins Parties filed an amended third-party complaint against Anderson - North Point and Jeffrey Conry. Count One is directed against Anderson - North Point and alleges that they fraudulently misrepresented the adequacy of Watkins Aviation's capital contribution. Specifically, the Watkins Parties allege that they relied on the approval expressed by Mr. Anderson concerning the adequacy and reasonableness of the capital contribution. They say that any liability arising from a finding of default based on the insufficiency of the capital contribution was caused by Anderson - North Point's fraudulent misrepresentation in approving the form of the capital contribution.

Anderson - North Point filed a motion to dismiss the third-party complaint, which the Court denied on September 30, 2009, finding legal and factual issues beyond the scope of the motion. On October 1, 2012, Anderson - North Point filed this Motion for Summary Judgment upon completion of discovery.

### III.    STANDARD OF REVIEW

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the

nonmoving party. *Id.*

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**IV.    ANALYSIS**

Anderson - North Point argue that there are no genuine issues of material fact regarding the Watkins Parties' inability to satisfy the elements of innocent or negligent misrepresentation. They point to a lack of privity between Anderson - North Point and the Watkins Parties because there was no contract between them. They also say there was no business or professional duty of care to provide accurate information, given the lack of a contractual agreement between the parties. Furthermore, they say that there is no evidence of a material misrepresentation because Mr. Anderson's statement regarding Watkins Aviation's capital contribution was merely an opinion.

The Watkins Parties argue that their claim against Anderson - North Point is for fraudulent misrepresentation, which they say is separate and distinct from innocent or

5

negligent misrepresentation. In addition, they say that genuine issues of material fact remain as to whether Mr. Anderson misrepresented his approval of the capital contribution; they direct the Court to numerous exhibits regarding Mr. Anderson's actions and involvement in the capital contribution transaction.

Anderson - North Point's arguments regarding the Watkins Parties' failure and inability to state claims for either innocent or negligent misrepresentation are unavailing; the Watkins Parties sue Anderson - North Point for fraudulent misrepresentation, which is a different claim. Indeed, in its September 30, 2009, order denying Anderson - North Point's amended motion to dismiss, the Court recognized that the Watkins Parties' claim against Anderson - North Point is for fraudulent misrepresentation and listed the necessary elements for such claim.

Viewing the evidence in the light most favorable to the Watkins Parties, the Court finds there are several issues of fact affecting the Watkins Parties' claim of fraudulent misrepresentation. Summarily, these include, but are not limited to:

(1) Mr. Anderson's intent;

(2) Whether Mr. Anderson's representation was an opinion in light of his involvement in the transaction;

(3) Whether Mr. Anderson made the representation knowing it was false or reckless; and

(4) Whether Watkins Aviation relied upon Mr. Anderson's representation in making its capital contribution.

## V. CONCLUSION

...

The Watkins Parties meet their burden to present facts which show genuine issues for trial. Accordingly, summary judgment for Anderson - North Point is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 1, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 1, 2013.

S/Linda Vertriest
Deputy Clerk