UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,
et al.,

    Plaintiffs,

v.                                                       Case No. 08-12582
                                                     Hon. Victoria A. Roberts
DONALD V. WATKINS, et al.,

    Defendants/Third-Party Plaintiffs,

v.

NORTH POINT ADVISORS, LLC., et al.,

    Third-Party Defendants.
_____/

**<u>ORDER DENYING PLAINTIFFS' MOTION TO STRIKE JURY DEMAND (DOC. 243)</u>**

      This case arises from a deal to invest in the development of a cargo airline company. It involves two guaranty agreements to which Plaintiffs and Defendants are parties. Each guaranty agreement includes a jury waiver provision. Plaintiffs filed their original complaint on June 17, 2008. Defendants demanded a jury trial in their answer to the original complaint on June 24, 2008, and again in their answer to the amended complaint on December 26, 2008. Jury trial is scheduled to begin on April 25, 2013.

      This matter is now before the Court on Plaintiffs' Motion to Strike Jury Demand pursuant to Federal Rule of Civil Procedure 39(a)(2) and Local Rule 7.1(h)(3). (Doc. 243). Plaintiffs say that Defendants voluntarily and knowingly waived their right to a jury

1

trial in the guaranty agreements, and request that the Court set this cause for a bench trial.

The Seventh Amendment provides litigants with the right to a jury trial, but litigants can waive this right by contract. U.S. Const. amend VII; *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 756 (6th Cir. 1985). The waiver must be "knowing and voluntary" and the party who objects to the waiver must demonstrate that its consent to the provisions was not knowing and voluntary. *K.M.C.*, 757 F.2d at 756, 758.

Defendants do not contest that their waiver was knowing and voluntary. The crux of their argument is that Plaintiffs' motion is untimely because Defendants' demand for a jury trial was made almost five years ago, and trial and its final preparations are near. Defendants argue that the Court has discretion to decide whether a motion to strike a jury demand is timely. They say that Plaintiffs' delay waived their right to seek to strike Defendants' jury demand.

Plaintiffs say that a motion to strike a jury demand based on contractual waiver may be brought at any time, even on the eve of trial; they direct the Court to *Experi-Metal, Inc. v. Comerica Bank*, 09-14890, 2010 WL 3766488 (E.D. Mich. Sept. 21, 2010).

Although Rule 39(a)(2) does not limit the time by which a party must object to a jury demand, and a motion to strike a jury may be filed anytime, the Court is not persuaded that *Experi-Metal, Inc.* is controlling. *Experi-Metal, Inc.* did not involve opposition to a motion to strike a jury demand for untimeliness or waiver of the right to enforce a jury trial waiver agreement.

The Court finds other authority more persuasive and exercises its discretion to

2

deny this motion. *See Burton v. Gen. Motors Corp.*, 1:95CV1054DFH-TAB, 2008 WL 3853329 at *7 (S.D. Ind. Aug. 15, 2008) ("Parties have a great deal of latitude on the timing of motions to strike a jury demand, but the court has discretion to decide whether a motion to strike a jury demand is timely or too late." (internal quotation marks omitted)); *Madura v. Countrywide Home Loans, Inc.*, 806CV2073T24TBM, 2008 WL 151850 (M.D. Fla. Jan. 15, 2008) (holding that the defendants waived their right to enforce a jury trial waiver provision based on their delay in seeking to enforce it and their failure to object to scheduling orders setting the case for jury trial); *Coleman v. Lazy Days RV Ctr., Inc.*, 8:05-CIV-930-T17TBM, 2007 WL 2696789 at *2-3 (M.D. Fla. Sept. 12, 2007) (same).

Not only have Plaintiffs waited years to seek to enforce the jury trial waiver provision, they failed to object to the August 16, 2012 Scheduling Order setting the case for jury trial, and they relied upon Defendants' jury demand to preclude purported expert testimony that could have been "particularly confusing to the jury." *See* Plaintiffs' Motion in Limine, (Doc. 139).

Given their delay and contradictory actions, the Court finds that Plaintiffs waived their right to enforce the jury waiver provision; their motion to strike Defendants' jury demand is untimely.

Plaintiffs' motion is **DENIED**. The Court denies Defendants' request for attorney fees and costs.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 5, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 5, 2013.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |